IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BOBBY KENNEDY,<br><br>**Plaintiff,**<br><br>v.<br><br>NUCO2 MANAGEMENT LLC,<br><br>**Defendant.** | CIVIL ACTION NO.<br>1:21-CV-04143-MHC |

# FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Bobby Kennedy ("Plaintiff"), by and through undersigned counsel, and files this First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2)[1] against Defendant NuCO2 Management LLC ("Defendant"), and shows the following:

## I. NATURE OF ACTION

1.

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking full and complete relief and to redress the unlawful

---

[1] Defendant has provided its written consent for this amendment. NuCO2, Inc. is no longer a defendant.

employment practices described herein.

2.

This action seeks liquidated and actual damages for Defendant's failure to pay mandated overtime wages to Plaintiff in violation of the FLSA.

## II.   JURISDICTION AND VENUE

3.

This Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b).

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & 28 U.S.C. § 1391(b)(2).

## III.   PARTIES

5.

Plaintiff is a resident of the State of Georgia.

6.

Defendant NuCO2 Management LLC is a Delaware limited liability company that maintains its principal office at 2800 S.E. Market Place, Stuart, Florida 34997, and may be served through its Registered Agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

Defendant undertakes substantial activity in the State of Georgia, including, among other things, maintaining a location that employs numerous employees, in Gainesville, Georgia.

8.

Defendant is an "employer" under the FLSA.

### IV.   FACTS

9.

Defendant is a national provider of beverage grade carbon dioxide and draught beer grade nitrogen gas solutions to the restaurant and hospitality industry.

10.

Defendant hired Plaintiff in or about 2010 as a Depot Manager and Plaintiff became a salaried employee in 2015.  Plaintiff worked for Defendant as a Depot Manager until September 29, 2019.

11.

Defendant improperly classified the position of Depot Manger as an exempt position.  As Depot Manager, Plaintiff's annual salary was approximately $62,000.00.

12.

Plaintiff's role as Depot Manager was substantially identical to the role of Supervisor Tech, a non-exempt position eligible for overtime.

13.

Like other Supervisor Techs, Plaintiff's primary duties involved driving to and from Acworth, Georgia and Temple, Georgia. Plaintiff's primary responsibilities were not managing the enterprise or having the authority to hire and/or fire and discipline, nor even recommending the hiring and/or firing or discipline of employees.

14.

For the time period of August 1, 2018 through September 29, 2019 (the "Lookback Period"), Plaintiff regularly worked in excess of forty (40) hours per week.

15.

Plaintiff did not clock in or out of work, and Defendant failed to maintain accurate time records of all hours worked by Plaintiff in violation of the record-keeping provision of the FLSA, 29 U.S.C. § 211(c).

16.

Contemporaneous records exist of all hours Plaintiff worked during the

Lookback Period.

17.

Plaintiff submitted multiple oral and written requests to Defendant for overtime pay, but Defendant consistently and willfully refused to pay.

## COUNT ONE

### Violation of the Overtime Wage Requirement of the FLSA

18.

Plaintiff hereby incorporates Paragraphs 1 through 17 of the Complaint as if fully restated herein.

19.

Plaintiff regularly worked in excess of forty (40) hours in a workweek.

20.

The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

21.

Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

22.

Defendant failed to accurately report, record, and/or preserve records of hours

worked by Plaintiff, and thus have failed to make, keep, and preserve records sufficient to determine Plaintiff's wages and hours.

23.

Defendant's violations of the FLSA were willful and in bad faith.

24.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, attorney's fees, and the costs of this litigation.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Grant Plaintiff a trial by jury as to all triable issues of fact;

(b) Enter judgment in favor of Plaintiff;

(c) Award Plaintiff unpaid overtime pay, liquidated damages, prejudgment interest on unpaid overtime pay, court costs, expert witness fees, reasonable attorney's fees, and all other remedies allowed under the FLSA, 29 U.S.C. § 216; and

(d) Award Plaintiff such other and further relief as may be just and appropriate.

**JURY TRIAL IS DEMANDED.**

//

//

Respectfully submitted this 22nd day of November, 2021.

PRIDGEN BASSETT LAW, LLC

*/s/ Nancy B. Pridgen*_____
Nancy B. Pridgen, Esq.
Georgia Bar No. 587949
Marissa A. Hornsby, Esq.
Georgia Bar No. 940643

138 Bulloch Avenue
Roswell, Georgia 30075
404.551.5884 direct
678.812.3654 facsimile
nancy@pridgenbassett.com
marissa@pridgenbassett.com

## CERTIFICATE OF COMPLIANCE AND OF SERVICE

I hereby certify that, pursuant to Local Rule 7.1(D), the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face. I also hereby certify, on this 22nd day of November, 2021, that I filed the foregoing **FIRST AMENDED COMPLAINT**, with the Clerk of Court using the CM-ECF System which will automatically send e-mail notification of such filing to all counsel of record.

*/s/ Nancy B. Pridgen*_____
Nancy B. Pridgen, Esq.

7