# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **BOBBY KENNEDY,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**NUCO2 MANAGEMENT LLC,**<br><br>      **Defendant.** | **CIVIL ACTION NO.**<br>**1:21-CV-04143-MHC** |

## JOINT MOTION AND INCORPORATED MEMORANDUM OF LAW TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE

COME NOW, Plaintiff Bobby Kennedy ("Plaintiff") and Defendant NUCO2 Management LLC ("Defendant") (collectively, the "Parties), jointly requesting that this Court approve the Parties' settlement of the above-captioned matter and dismiss *with prejudice* all of the claims alleged in the lawsuit against Defendant by Plaintiff. Because Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' Settlement Agreement must be approved by this Court. In support of this Joint Motion, the Parties state as follows:

1.    On August 31, 2021, Plaintiff commenced a civil action against Defendant NuCO2 in the Superior Court of Gwinnett County, Georgia where it was designated as Case No. 21-A-06871-7. On October 6, 2021, Defendant filed a notice

of removal to this Court (ECF No. 1.). On October 13, 2021, Defendant NuCO2 filed an Answer and Defenses to Plaintiff's Complaint (ECF No. 5). On November 22, 2021, Plaintiff filed an Amended Complaint (ECF No. 10). On December 3, 2021, Defendant filed an Answer to the Amended Complaint (ECF 15).

2.   Plaintiff's Complaint purports to assert a claim under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). Plaintiff's purported FLSA claim is for "failure to pay mandated overtime wages."

3.   In this case, this dispute is *bona fide*. Plaintiff claims that he was misclassified by Defendant as exempt and denied overtime wages. Defendant has at all times denied – and continues to deny – it violated the FLSA with respect to Plaintiff's employment. Specifically, Defendant contends that it properly classified Plaintiff as exempt from overtime compensation pursuant to one or more of the exemptions provided for under the FLSA. In addition, even if Plaintiff could establish that he was entitled to overtime compensation for hours worked during some or all of the time periods at issue (which Defendant denies Plaintiff can do), the Parties would also disagree regarding the number of hours at issue and the correct method for calculating the amount of the allegedly unpaid compensation. As such, a *bona fide* dispute exists between the Parties with respect to Plaintiff's claims for allegedly unpaid overtime compensation – (a) with respect to whether liability exists

at all; (b) the number of hours Plaintiff worked; and (c) the proper calculation of Plaintiff's purported damages (assuming *arguendo* that Plaintiff could prove liability for any damages).

4. Since that time, in an effort to avoid the cost and expense of motion practice and further litigation, counsel for the Parties engaged in settlement discussions. The Parties have evaluated the allegations made by Plaintiff and the defenses to be asserted by Defendant. In agreeing upon the resolution memorialized in their Settlement Agreement (Exhibit A), the Parties evaluated – and took into account – the cost of further protracted litigation (in terms of time, money, and other resources) and the risk of winning or losing. The Parties further believe there has been more than sufficient investigation and exchange of information to allow counsel for both sides to evaluate the Parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter.

5. The Parties jointly agree that the terms of their settlement are appropriate in light of all the facts and legal standards applicable, and seek the Court's approval of the settlement and stipulate to the dismissal of this action *with prejudice*.

6. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. *Lynn's Food*

*Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in *Lynn's Food*:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

Pursuant to *Lynn's Food*, the Court should review the Parties' Settlement Agreement to determine if it is "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* at 1355.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.  In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits:

  (5)  the range of possible recovery; and

  (6)  the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2–3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the *strong presumption* in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS, at *4 (internal citation omitted) (emphasis added).

  7.  The Parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum for alleged unpaid overtime wages for his FLSA claim, plus payment of an agreed upon amount of attorneys' fees and costs. At all times during this litigation, Plaintiff and Defendant have been represented by counsel experienced in the litigation of FLSA claims, and the settlement amount and the final Settlement Agreement was the subject of arms-length negotiations.

  8.  Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendant in this case. Here, each party was independently represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. The probability of success on the merits and length of future litigation

also militate in favor of this settlement.

9. Lastly, the probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continued to pursue this matter, they would be forced to engage in additional, costly document production and deposition discovery, to prepare and/or defend against one or more motions for summary judgment, and, possibly, prepare for and conduct an arbitration hearing. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and costs.

10. Based on the foregoing, the Parties jointly believe the settlement terms are fair, reasonable, and adequate. Accordingly, the Parties respectfully request that the Court grant this Joint Motion and enter an order dismissing Plaintiff's action with prejudice. A proposed order is attached as Exhibit B.

WHEREFORE, the Parties respectfully request the Court grant this Joint Motion and enter the Proposed Order: (1) approving the Parties' settlement; and (2) dismissing this action *with prejudice*.

| | |
|---|---|
| Dated:    March 15, 2022 | /s/ Bradley Strawn<br>Bradley E. Strawn<br>Georgia Bar No. 004419<br>bstrawn@littler.com<br>Adonica Plummer<br>Georgia Bar No. 770280<br>aplummer@littler.com<br>**Littler Mendelson, P.C.**<br>3424 Peachtree Road, NE<br>Suite 1200<br>Atlanta, Georgia 30326<br>Telephone:  404-233-0330<br>Facsimile:   404-233-2361<br><br>*Attorneys for Defendant*<br><br>/s/ Nancy B. Pridgen (with express permission)<br>Nancy B. Pridgen<br>Georgia Bar No. 587949<br>nancy@pridgenbasset.com<br>Marissa A. Hornsby<br>Georgia Bar No. 940643<br>marissa@pridgenbasset.com<br>**PRIDGEN BASSETT LAW, LLC**<br>138 Bulloch Avenue<br>Roswell, Georgia 30075<br><br>*Attorneys for Plaintiff* |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **BOBBY KENNEDY,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**NUCO2 MANAGEMENT LLC,**<br><br>        **Defendant.** | **CIVIL ACTION NO.**<br>**1:21-CV-04143-MHC** |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2022, I electronically filed the foregoing **JOINT MOTION AND INCORPORATED MEMORANDUM OF LAW TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE** using the Court's ECF system, which will automatically generate notice to counsel of record as follows:

Nancy B. Pridgen
Marissa Hornsby
PRIDGEN BASSETT LAW, LLC
nancy@pridgenbasset.com
marissa@pridgenbasset.com

*/s/ Bradley Strawn*
Bradley E. Strawn
Georgia Bar No. 004419

1