# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by NUCO2 Management LLC ("Defendant" or "NUCO2"), and Bobby Kennedy ("Plaintiff"). Plaintiff and Defendant are each a "Party" and collectively the "Parties." The Parties agree to settle the matter of the claims asserted in *Bobby Kennedy v. NUCO2 Management LLC*, Case No. 1:21-cv-04143-MHC (N.D. Ga.), as removed from the Superior Court of Gwinnett County, Georgia (previously designated as Case No. 21-A-06871-7) (the "Action").

## RECITALS

WHEREAS, Plaintiff filed claims against Defendant in the Action alleging unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA");

WHEREAS, Defendant denies, and continues to deny, the allegations in the Action and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Action or otherwise; nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense and uncertainty of continued litigation, the Parties have agreed to settle Plaintiff's claims in the Action on the terms and conditions set forth in this Agreement;

WHEREAS, the Parties recognize the outcome of the Action would be uncertain and continued litigation would require additional risk, discovery, time and expense having the potential to be disproportionate to its potential benefits to Plaintiff or Defendant; and

WHEREAS, counsel have investigated and evaluated the facts and law relating to the claims asserted in the Action; after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiff and Plaintiff's Counsel (defined below) believe the settlement of FLSA claims as provided in this Agreement is in the best interests of Plaintiff and represents a fair, reasonable, and adequate resolution of Plaintiff's FLSA claims.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

### 1. Consideration:

a. Defendant will pay within thirty (30) days after the following: (1) Defendant's counsel's receipt of Plaintiff's original signed Agreement; (2) Defendant's counsel's receipt of the required W-4 withholding certificates from Plaintiff and W-9 tax identification information from Plaintiff and Plaintiff's counsel; and (3) an Order from the Court approving this Agreement and the subsequent dismissal of the Action with prejudice by entry of the Parties' stipulated judgment; the gross settlement amount of $13,500.00 (the "Amount"), to settle Plaintiff's claims in the

Action, inclusive of all damages, penalties, interest, attorney's fees, and costs and expenses of litigation. The Parties agree that the Amount will be allocated as follows:

    i. One check made payable to Plaintiff in the amount of Five Thousand and No/00 Dollars ($5,000.00), less all applicable tax withholdings and deductions in accordance with Plaintiff's W-4, for the (disputed) unpaid wages claim to Plaintiff, reported to the IRS and Plaintiff on IRS Form W-2.

    ii. One check made payable to Plaintiff in the amount of Five Thousand and No/00 Dollars ($5,000.00) for the (disputed) liquidated damages claim, without deduction for taxes and withholdings, reported to the IRS and Plaintiff on IRS Form 1099.

    iii. One check made payable to Plaintiff's Counsel, Pridgen Bassett Law, LLC, in the amount of Three Thousand Five Hundred and No/00 Dollars ($3,500.00) will be paid for attorney's fees and all costs and expenses of litigation, reported to the IRS and Plaintiff's Counsel on IRS Form 1099.

    b. Payment by the dates set forth above shall be made by delivery of payment to Plaintiff's Counsel, at Pridgen Bassett Law, LLC, 138 Bulloch Avenue, Roswell, GA 30075.

    c. In consideration for payment of the Amount, Plaintiff gives the release specified below in Section 2 and his agreement to be bound by the other promises and provisions contained in this Agreement.

## 2. Release of Wage and Hour Claims:

    a. Plaintiff, for himself and his spouse, heirs, attorneys, executors, administrators, representatives, successors and assigns, hereby finally and fully release and forever discharges the Defendant, its predecessors, former and current parents and subsidiaries and related and affiliated companies, and their respective past and present employees, owners, directors, officers, agents, shareholders, investors, members, insurers, attorneys, executors, assigns, and other representatives of any kind, whether or not acting in their official capacity, and all persons acting by, through, under, or in concert with any of them (collectively, the "Released Parties") from all liability, claims, damages, attorney's fees, costs and expenses, and causes of action for unpaid wages, overtime, failure to pay timely wages, retaliation, and other compensation, attorneys' fees, costs and expenses, liquidated damages, interest, penalties, benefits, injunctive relief, declaratory relief, equitable relief, and all other relief, as provided under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* and all other federal, state, and local wage/hour and wage payment laws of every kind, in connection with matters, facts or events through the date of Plaintiff's execution of this Agreement, arising or accruing prior to the date of Plaintiff's execution of this Agreement that he has or may have, whether known or unknown (the "Released Claims"), against the Released Parties. This Release shall be construed as broadly as permitted by law with respect to any wage-based claims.

    b. Nothing in this Agreement prohibits or prevents the Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g., EEOC, NLRB, SEC., etc.), nor limits Plaintiff from exercising his rights under Section 7 of the NLRA to

engage in protected, concerted activity with other employees. However, to the maximum extent permitted by law, the Plaintiff agrees that if such an administrative claim is made in any charge, complaint, lawsuit or other proceeding brought by Plaintiff or on Plaintiff's behalf by any third party, he shall not be entitled to recover any individual monetary relief or other individual remedies from the Released Parties on the Released Claims (as defined in 2(a)), except for any right Plaintiff may have to receive a payment or award from a government agency (and not the Released Parties) for information provided to a government agency.

**3. No Other Claims:** With the exception of the claims raised in this Action, Plaintiff represents he has not filed, lodged, claimed, or asserted any charge, complaint, claim, causes of action, debt, sum of money, controversy agreement, promise, or damages of any sort, including any such action alleging any failure to provide any wages, compensation, or reimbursements allegedly due or seeking penalties or recovery of any sort based on any such alleged failure against Defendant, and/or the Released Parties with any state, federal or local agency or court. Plaintiff further represents that he has not assigned to others his rights to file, nor are there currently pending, any complaints or lawsuits against the Released Parties with any court other than the Action, and that he will not file, or assign to others his rights to file, or make any further claims against the Released Parties at any time for the Released Claims herein. Each signatory hereby warrants and represents that he or she or it has authority to bind the party or parties for whom such signatory acts, even those who are not signatories hereto, and further warrant and represents that the claims, suits, rights, and/or interests which are the subject matter of this litigation are owned by the party asserting same and have not been assigned, pledged, transferred or sold, except in connection with any fee agreement that such party has entered into with him or her or its counsel of record. Plaintiff understands and agrees that if any class or other action is brought by a third party with regard to the Released Claims released in this Agreement, Plaintiff will not accept any payments or monetary relief relating to any such claims or causes of action. Further, Plaintiff affirms that he has been paid, or will have been paid once he receives all agreed amounts under the settlement of the Action compromising his overtime claims, all forms of compensation pursuant to the FLSA leave (paid or unpaid), compensation, wages, bonuses, commissions, vacation pay, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, vacation pay, and/or benefits are due to him.

**4. Tax Indemnity:** Plaintiff acknowledges and agrees that Defendant has made no representations to him regarding the tax consequences of any amounts received by him pursuant to this Agreement and agrees to pay all federal and state taxes which are required by law to be paid by him with respect to the settlement proceeds. Plaintiff agrees that, in the event that any tax, penalty or liability of any kind is assessed against or incurred by Defendant by reason of the payments described in Section 1 (except any liability assessed solely because of Defendant's failure to pay the amounts due in Section 1) Plaintiff will fully and completely hold harmless Defendant (and any of the Released Parties) from any liability, claim, or judgment, by any Released Party in connection with the tax treatment of any of the payments and/or the method utilized to make any of the payments in Section 1.

**5. Court Approval:** This settlement is contingent upon Court approval. In the event this Agreement is not approved by the Court, the Agreement shall be null and void in its entirety, unless expressly agreed to in writing by the Parties. The Parties consent to the U.S. District Court for the Northern District of Georgia retaining jurisdiction to enforce the terms of this Agreement.

**6.     No Admission of Liability:** Defendant does not admit any liability, this settlement does not constitute an admission of liability in any way, and Defendant is settling this case for the purpose of avoiding continued litigation.

**7.     Neutral Reference:** Plaintiff shall direct any prospective employers to contact the Defendant's Human Resources department, to verify his employment with the company. If a prospective employer contacts Defendant's designated agent about any Plaintiff, the prospective employers will receive the dates of that Plaintiff's employment and job title of last position held, except as required by law and DOT regulations. Information regarding eligibility for rehire will not be provided. Defendant will exercise good faith efforts to provide only this information, but due to the size and number of employees working for Defendant, the Defendant shall not be responsible for statements made by employees if prospective employers contact anyone other than Defendant's Human Resource department.

**8.     Confidentiality:** The Parties understand and agree that this Agreement will be filed with the Court, and therefore the terms will be accessible to the public, via the public docket. Otherwise, Plaintiff agrees to keep the terms of this Agreement confidential except Plaintiff may also disclose the terms of this Agreement: (1) to a governmental agency as required by process of law; (2) as necessary for tax reporting purposes; (3) to his attorneys and/or his financial and/or tax advisors – provided, however, that such attorney or financial advisor agrees first to maintain the confidentiality of such information; (4) the Court to the extent necessary to seek dismissal of the Action; and (5) his spouse. Plaintiff and/or his attorneys, financial, and/or tax advisors and/or spouse, if any, agree to make no statement to the media relative to this settlement or the Agreement and to make no press or media release, publish on social media, or otherwise advertise the terms of this settlement or the Agreement. Plaintiff, his attorneys, financial and/or tax advisors and/or spouse, if any, also agree that they will not advertise any payment made pursuant to this Agreement, any details or terms of the Agreement, or any of the events and negotiations surrounding the Agreement. If Plaintiff and/or his attorneys, financial and/or tax advisor and/or spouse, if any, are asked about the nature or amount of this settlement or the Agreement, that person shall respond only by saying that the matter has been "settled" or "resolved." Failure to do so will constitute a breach of this Agreement.

**9.     Counterparts and Electronic Signatures:** This Agreement may be executed in counterparts, each of which shall be deemed to be an original executed agreement and which together shall be deemed to be one and the same instrument. An electronic signature, or facsimile or copy of a signature, shall be treated as an original signature for all purposes.

**10.    Knowing and Voluntary Waiver:** The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**11.    Choice of Law; Continuing Jurisdiction:** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Georgia without giving effect to the principles of conflicts of laws thereof regardless of whether any party is, or may hereafter be, a resident of another state. Nothing in this Agreement is intended to limit the Court's

authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement for the purpose of the administration and enforcement of this Agreement, which the parties hereby request.

12. **Amendments/Modifications:** No modification, or amendment of the terms of this Agreement by any Party shall be valid or binding unless in writing, signed by all of the Parties.

13. **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

14. **No Third-Party Beneficiaries:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that none of the Parties has sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand, or legal right that is the subject of this Agreement. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

15. **Entire Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects addressed herein.

16. **Captions:** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

17. **Interpretation:** The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

18. **Effective Date:** This Agreement shall become effective upon the entry of the Court's Approval Order on the Parties' Motion.

19. **Signatories:** Each person executing this Agreement, including execution on behalf of the corporate defendant, warrants and represents that such person has the authority to do so.

BOBBY KENNEDY

By: _____
Dated: 2/9/22

NUCO2 MANAGEMENT LLC

By: Susan Stevenson
Dated: 3/11/22

Scanned with CamScanner